THE NATIONAL BANK OF CHEMUNG, of Elmira, Appellant, *v.* THE CITY OF ELMIRA, Respondent.

Assessors are subordinate officers and must act within the authority given them. When in a given case they have no power to act at all either as to person or property their acts are void, and when their right to act depends upon the existence of some fact, an assessment founded upon an erroneous determination by them as to the existence of such fact is illegal. They cannot acquire jurisdiction by determining that they have it.

Assessors have no power to determine what property is taxable, that is the province of the legislature, and for an erroneous decision on their part as to what is taxable property they are liable the same as for an erroneous decision as to who is a taxable inhabitant, and an assessment founded thereon is void. A decision of assessors in these cases may be attacked collaterally.

Accordingly, *held*, that an assessment upon the capital stock and a tax against a bank, in violation of the provisions of the act " authorizing the taxation of stockholders of banks," etc. (chap. 761, Laws of 1866), which prohibits the assessment of a tax upon such capital stock, were void, and that an action would lie on behalf of the bank against a municipal corporation to recover the amount collected by it upon such an assessment for municipal taxes. (GROVER, J. dissenting.)

The remedy by certiorari is not adequate in such case; that is appropriate to review erroneous assessments, not when property has been taken in violation of law under an illegal assessment.

The oath of assessors to the affidavit attached to their assessment roll must be taken before a justice of the peace. (§ 8, chap. 176, Laws of 1851.) A deputy county clerk has no authority to administer the same.

The authorities upon the question of the jurisdiction of assessors collated and discussed.

*Barhydte* v. *Shepherd* (35 N. Y., 238), and *Swift* v. *City of Poughkeepsie* (37 N. Y., 511), distinguished and limited.

(Argued May 14, 1873; decided May 27, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff, entered upon the report of a referee, and directing judgment for defendant. (Reported below, 6 Lans., 116.)

This was an action to recover for the alleged unlawful taking and conversion of $4,006.80 belonging to plaintiff.

The plaintiff is a national bank located and doing business in the city of Elmira, with a capital stock of $100,000 invested in United States government bonds. In the year 1868 the assessors of said city assessed the bank $50,000 on real estate and $95,000 on personal property. The latter was the capital stock so invested. The affidavit of the assessors attached to the roll was sworn to before the deputy county clerk of Chemung. Upon such assessment the common council imposed upon plaintiff a tax of $2,080. The assessment roll, with warrant attached, was delivered to the collector, who by virtue thereof, and of another warrant issued by the supervisors of said county, levied upon a quantity of bank bills belonging to plaintiff, to the amount specified, and sold them, paying over to the city treasurer said sum of $2,080 and the balance to the county treasurer. The referee held that the assessors had jurisdiction and acted judicially in holding plaintiff's property liable to assessment, and that their decision could not be questioned in this action, but that the assessors' affidavit was defective, and insufficient to give defendant jurisdiction to issue its warrant.

*E. H. Benn* for the appellant. The General Term on reversing the judgment on the report of the referee should have granted a new trial. (*Edmonston* v. *McLoud*, 16 N. Y., 543; *Griffin* v. *Marquardt*, 17 id., 28.) The omission of the assessors to comply with the requirements of the statute in making the affidavit is a jurisdictional question. (*Van*

*Rensselaer* v. *Whitbeck,* 7 N. Y., 517.) The affidavit has no venue, and is therefore void. (*Lane* v. *Morse,* 6 How. Pr., 399; *Cook* v. *Staats,* 18 Barb., 407.) It is void because sworn to before the deputy county clerk. (2 R. S., 284, § 49 [Edm. ed., 294]; 2 id., 347, § 11 [Edm. ed., 567]; *Craft* v. *Merrill,* 14 N. Y., 456, 459, 460; *Stanton* v. *Ellis,* 16 Barb., 319.) The assessment of the capital stock of the bank was illegal, unauthorized and void. (*Trustees of Angelica* v. *Morse,* 56 Barb., 380; *Van Allen* v. *Assessors, etc.,* 3 Wall., 573.) An action will lie against defendant to recover back the amount collected. (*Chapman* v. *City of Brooklyn,* 40 N. Y., 380; *Buf. and S. L. R. R. Co.* v. *Suprs. Erie Co.,* 48 id., 97; *Hasbrouck* v. *Kingston Bd. of Health,* 3 Keyes, 480, 483; *Newman* v. *Suprs. Livingston Co.,* 45 N. Y., 676.)

*S. P. Tomlinson* for the respondent. The duty of verifying the assessment under the statute is directory, not jurisdictional. (*Parish* v. *Golden,* 35 N. Y., 462, and cases there cited.) The words of the statute as to verifying the affidavit are directory only. (*Rex* v. *Leicester,* 7 Barn. & Cress., 12; *People* v. *Suprs. Ulster,* 34 N. Y., 268; *Hardman* v. *Bowen,* 39 id., 197; *Juliand* v. *Rathbone,* 39 Barb., 97; *Van Vleet* v. *Slauson,* 45 id., 317; *Van Rensselaer* v. *Cottrell,* 7 id., 127, 133; *Evans* v. *Chapin,* 20 How., 289; *Barbour* v. *Everson,* 16 Abb., 366; Smith's Com., 782 to 795; Sedg. on Stat. and Con. Law, 368, and cases cited; Sedg. on Stat. and Con. Law, 368; *Sears* v. *Burnham,* 17 N. Y., 448; *People* v. *Suprs. Ulster,* 34 id., 268, and cases there cited.) The affidavit made by the assessors was a substantial compliance with the statute. (*People* v. *Snyder,* 41 N. Y., 397.) The omission of the assessors to use in their affidavit the precise language prescribed by the statute is not a jurisdictional defect. (*Parish* v. *Golden,* 35 N. Y., 462; *Buf. and S. L. R. R. Co.* v. *Suprs. Erie Co.,* 48 id., 93; *People* v. *Suprs. Ulster Co.,* 34 id., 268; Sedg. on Stat. and Con. Law, 369; *Swift* v. *City of Poughkeepsie,* 37 N. Y., 511; *Newman* v. *Suprs. Livingston Co.,* 1 Lans., 476.) Assessors act judicially in determining

what property is taxable, and they have jurisdiction thereof, notwithstanding it is positively exempted by statute. ( *Weaver* v. *Devendorf*, 3 Den., 116; *Vail* v. *Owen*, 19 Barb., 32; *Brown* v. *Smith*, 24 id., 419; *Gen. Val. Bk.* v. *Suprs. Liv. Co.*, 53 id., 223, 547; *Chegary* v. *Jenkins*, 5 N. Y., 376; *Barhyte* v. *Shepherd*, 35 id., 238; *Swift* v. *City of Poughkeepsie*, 37 id., 511; *Bk. Commonwealth* v. *Mayor*, 43 N. Y., 184; *Buf. and S. L. R. R. Co.* v. *Suprs. Erie Co.*, 48 id., 93; *People ex rel. Westbrook* v. *Trustees of Ogdensburgh*, id., 390; *West. R. R. Co.* v. *Nolan et al.*, id., 513.) Plaintiff is not entitled to recover from defendant any more than was actually paid over to the city treasurer. (*Bk. Commonwealth* v. *Mayor*, etc., 43 N. Y., 184; *Union Bank* v. *Mayor*, etc., 51 Barb., 159; *Martin* v. *Mayor, etc.*, 3 Hill, 545; *Lorillard* v. *Town of Monroe*, 11 N. Y., 392; Ang. & A. on Corp., 304, 3d ed.; *Lee* v. *Village of Sandy Hill*, 40 N. Y., 442; *Williams* v. *Village of Dunkirk*, 3 Lans., 44.)

CHURCH, Ch. J. The assessment and tax against the plaintiff were void. They were made and levied not only without authority, but in violation of an express statute. Chapter 761 of the Laws of 1866 declares that " no tax shall hereafter be assessed upon the capital of any bank or banking association organized under the authority of the State, or of the United States, but the stockholders in such banks and banking associations shall be assessed and taxed on the value of their shares of stock therein."

It is undisputed that the plaintiff was a banking association, organized under the authority of the United States, and that the assessment and tax in question were upon the capital of the bank, and that the amount of the tax was compulsorily collected of the plaintiff, and paid into the treasury of the defendant. A mere statement of the case ought to be sufficient to determine it, without further elaboration; but it is due to the importance of the question, and to those entertaining other views, to advert to some of the principles governing this class of cases.

It is conceded that the plaintiff is entitled to recover, if the assessment is to be regarded as illegal, and not simply erroneous. It is claimed that the assessors had jurisdiction to make the assessment, that their act was judicial, and, although erroneous, is conclusive until reversed by a direct proceeding instituted for that purpose. This proposition cannot be predicated of this case, either in fact or in law. Some of the duties of assessors are judicial in their nature, and as to these, when acting within the scope of their authority, they are protected from attack, collaterally, to the same extent as other judicial officers; but they are subordinate officers, possessing no authority, except such as is conferred upon them by statute, and it is a well settled and salutary rule that such officers must see that they act within the authority committed to them. (15 N. Y., 321, and cases cited.) When they have no power to act at all in a given case, either as to person or property, their acts are void. So when their right to act depends upon the existence of some fact, which they erroneously determine to exist, their acts are void. So in performing a ministerial duty their acts are void, if not in accordance with law. But having jurisdiction of the person and subject matter, if they err in the exercise of it, they are protected. These general principles are elementary, and are abundantly sustained by authority, and if any confusion exists upon the question, it has arisen from a failure properly to apply them. This court held in 15 N. Y., 316, that if the assessors erred in determining whether a person was a taxable inhabitant of a town, they did so at their peril, and were liable to an action by the party aggrieved. This was upon the principle that the fact, although judicial in its nature, and requiring the exercise of judgment, was nevertheless necessary to confer jurisdiction, which could not be conferred by an erroneous decision. In *Whitney* v. *Thomas* (23 N. Y., 281), lands owned by a non-resident were assessed to a resident of the town as resident lands. They were afterward sold by the Comptroller, and a deed given, which was held void on account of the illegal assessment. The same argument was advanced in that

case as in this.    SELDEN, J., in delivering the opinion of the court, said : "The supposition entertained by the counsel, that the assessors have jurisdiction in consequence of their obligation to assess all the lands in the town or ward, and that if they make due inquiries and assess according to the best information they can obtain, their action cannot be impeached in any collateral proceeding, is erroneous. * * * The assessors have no jurisdiction to assess, except as the statute prescribes, and unless they pursue the directions of the statute, the assessment is unauthorized and void."    In 45 N. Y., 676, we held that where the supervisors added an unpaid tax upon lands for one year to a tax upon the same lands for the next year, against a person who had in the mean time purchased, instead of returning it to the Comptroller as the statute directed, the act was void, and an action would lie against the county to recover back the money collected.    *Chegaray* v. *Jenkins* (5 N. Y., 376) was an action against the receiver of taxes, an officer corresponding to that of collector, for an assessment upon a building claimed to be exempt as a seminary of learning under the statute.    The court decided that the action would not lie against the receiver of taxes, within the principle of *Savacool* v. *Boughton* (5 Wend., 170), but the learned judge who delivered the opinion enunciated the correct principle applicable to these cases.    In speaking of the assessors, RUGGLES, J., said : "But being officers clothed with limited powers conferred by statute, their decision on a question in which their own authority to act was involved, was not for all purposes conclusive.    The general principle is that the proceedings of magistrates and officers having special and limited jurisdiction must bear on their face the evidence of their jurisdiction, or they will be judged invalid, and that in collateral actions their judgment may be questioned and disregarded, if it appears that in fact they had no authority to act in a given case."    *Weaver* v. *Devendorf* (3 Den., 118) will serve to show the distinction between a case where the assessors have jurisdiction and where they have not.    That was an action by a

minister for not allowing him the statutory exemption of $1,500. It appeared that he had more property than the amount of the exemption, and was therefore taxable. The assessors had jurisdiction to act, and were not liable for making the assessment too high. BEARDSLEY, J., said : " It was, therefore, not a case in which the property of the plaintiff was totally exempt from taxation, and over which the defendants had no jurisdiction whatever, but one in which they were authorized and required by law to make an assessment of the property, even if he was a minister of the gospel." The case was properly decided upon the ground that in fixing the value of property the power exercised is judicial. In *Prosser* v. *Secor* (5 Barb., 608), it was held that if it appeared that a minister of the gospel did not possess property to the amount of the exemption, the assessors had no jurisdiction of his person or his property, and could not obtain any by deciding, wrongfully, that he was not a minister, and thus confer authority on themselves. JOHNSON, J., said : " It must be quite apparent that the assessors could not, by any determination they have power to make, subject the property of any person to taxation, which the law exempts. In determining whether they have jurisdiction or not in a given case, assessors do not act judicially. No officer can acquire jurisdiction by deciding that he has it," and he cites *Weaver* v. *Devendorf* (*supra*) as sustaining the distinction referred to. This case, although criticized in 35 N. Y., 238, has been cited three times with approval by this court in cases coming under my observation; in 11 N. Y., 563, by PARKER, J., in 15 N. Y., 316, by DENIO, J., and in 45 N. Y., 682, by FOLGER, J. It is not referred to now for the purpose of approval or disapproval, but to show, in connection with the general current of authority, how uniformly and inflexibly the general principles referred to have been, with slight exceptions, maintained and adhered to by the courts. In 40 N. Y., 372, an assessment in Brooklyn upon land, to the wrong person, for a street improvement was held void, and the considera-

tion allowed to be recovered back by the purchaser upon the same principle.

The cases of *Barhyte* v. *Shepherd* (35 N. Y., 238), and *Swift* v. *City of Poughkeepsie* (37 N. Y., 511), are chiefly relied upon for the application of judicial irresponsibility to this case. The first was the case of a minister claiming exemption, and in its facts analogous to that in *Weaver* v. *Devendorf*, (3 Denio, *supra*). The plaintiff owned property to the amount of $2,500, and was assessed $1,050. The assessors had jurisdiction therefore to assess him for some amount, and whether they assessed him too high in consequence of not allowing the exemption, or from an erroneous valuation of his property, was immaterial. In either case their decision was conclusive within all the authorities, and the case was rightly decided. The learned judges who delivered opinions seemed to have ignored or overlooked the distinction recognized in *Weaver* v. *Devendorf*, *Chagary* v. *Jenkins* and *Prosser* v. *Secor*, and I infer intended to hold that in all cases, in determining whether property was exempt, the assessors acted judicially and are protected. The case was one also involving serious doubt whether the person claiming the exemption was a minister of the gospel, within the meaning of the statute. He was, in fact, a farmer, and worked upon a farm week days, and although he preached on the Sabbath, he had no employment and no salary. From a perusal of the opinions, it is apparent that the learned judges misapprehended to some extent the doctrine of some of the cases, and I am not prepared to assent to their reasoning, but it is quite unnecessary in this case to determine whether it is correct or not. If we assume that the case decides that assessors have jurisdiction, where the person is otherwise a taxable inhabitant, and the property otherwise taxable, and that the question of exemption is a judicial act, and that the assessors are protected for an erroneous judgment, it falls far short of being an authority against the plaintiff in this case. Here the statute declared that certain property was not taxable. The

property was specifically described. The assessors had no judgment to exercise in regard to it, and no decision to make. One of the learned judges who delivered an opinion in the case, I infer did not intend to depart from established principles upon this subject, from expressions in an opinion since delivered by him in 48 N. Y., 93, and which are appropriate to this case. In commenting upon *Whitney* v. *Thomas* (23 N. Y., 281, *supra*), he said: " It was not a mere error of the assessors, but a disregard of the facts of the case. They entered a false judgment not warranted by any facts proven. It could not be called a mistake of law or fact, such as the assessors acting as *quasi* judicial officers might honestly make. It was simply an assessment, without the slightest color to warrant or authorize it." \* \* \* "A flagrant disregard of the facts, or assessing in opposition to the clear and undisputed facts, when the application of the statute could not by any means be doubtful, might, as in the case of *Whitney* v. *Thomas*, present a case where the officer would be without jurisdiction."

In the other case relied upon, in 37 N. Y., 511, the assessors assessed the value of the shares of stock of the Farmers' and Mechanics' National Bank to the plaintiff at their par value, although the bank held a quantity of government bonds as a part of their capital. In making this assessment, the assessors acted in strict conformity to the State law, as it existed at that time. The law was afterward declared invalid by the Supreme Court of the United States, on the ground that it conflicted with a law of Congress. It was assumed that the assessors had jurisdiction of the person and subject-matter, upon the authority of two other similar cases not reported, and the only question discussed is whether the money could be recovered of the city upon the general principle of the plaintiff's equitable right to it. The assessors acted in accordance with the State law, which was sustained by the decision of the highest court in the State. They were obliged to act, and would have been liable to indictment if they had refused. It is true that the decision of the United

States Court established that the State law was invalid, and in theory that the assessors had no legal justification under it, but the court might well have hesitated to hold them liable in trespass. The final decision may have established that they erred in law, but the State court would not be likely to hold a subordinate officer culpable for acting in accordance with its own decision. Besides, if there was no special act for taxing shares of stock, the assessors might assess them against the owner under the general power to assess personal property. If so, they had jurisdiction over the subject-matter, and if they erred in assessing it at too high a rate, either because a part of the capital was invested in government bonds, or for any other reason, it was an error merely. This is confirmed by BACON, J., who, in delivering the opinion, said : " That the determination of the assessors to impose the tax, *at the rate specified* by them, was a judicial determination." At all events, the case is not an authority for protecting officers in the assessment of property contrary to an express statute, and if such a doctrine is inferable from it, I have no hesitation in saying that it should not be followed.

While there is some apparent conflict in the application of settled principles to particular cases, I am confident that no adjudged case can be found which will relieve the defendants from liability. The distinction is between an erroneous and an illegal assessment. The former is when the officers have power to act, but err in the exercise of the power ; the latter where they have no power to act at all, and it does not aid them to decide that they have.

It is argued that they have jurisdiction to determine what property is taxable in the town. This is a mistake. The legislature determines that question, and the officers have no power over it. The statute requires the assessors to " ascertain, by diligent inquiry," two things. 1. The taxable inhabitants. 2. The taxable property. Where they decide erroneously as to a taxable inhabitant it is conceded, and the *Mygatt Case* (15 N. Y.) holds, that they are liable as trespassers. Why not when they err as to taxable property ? The duty is precisely

the same, and the power conferred in the same language. Assessors must have jurisdiction over the person and subject-matter. The person must be an inhabitant of the town, and the property must be taxable. Otherwise, the assessment is illegal and void. The legislature has declared that the capital of national banks is not taxable property. Bank shares are not capital. (3 Wallace, 573.) The assessors have therefore no jurisdiction over it. In this case they exercised no judgment; there was none to be exercised. There was no dispute about the facts. There was no pretense of mistake even. They simply decided to violate the statute; and while bad faith will not be imputed, we must assume that they did so voluntarily and intentionally, and yet such an act is claimed to be judicial, and therefore exempt from collateral attack.

The remedy by certiorari is not adequate. It is dilatory, and rests in the discretion of the court to give it or not. It is appropriate to review erroneous assessments. Taxation for public purposes is a conceded power of government, but it must be enforced strictly according to law, or it becomes the most obnoxious means of confiscation. The rights of the citizen should be sedulously guarded and protected against the lawless imposition of burdens, and the principle involved in this case is vital to the protection of private property from the grasp of irresponsible power. The plaintiff's property has been forcibly taken from it in violation of law, and it would be discreditable to the proper administration of justice not to give an effectual remedy.

I think, also, that the deputy county clerk had no authority to take the affidavit of the assessors. The county clerk and his deputy are, with other officers, authorized to administer oaths and take affidavits, with some specified exceptions; and, except when such oaths are required to be taken by particular officers. The oath of the assessors is required to be taken before a justice of the peace of the city, which is a particular officer within the meaning of the statute.

The plaintiff can only recover the amount collected by the

defendant for city taxes. The city is not liable for the amount collected by the county.

The judgment must be reversed and a new trial granted, unless the plaintiff stipulates to reduce the recovery to the amount collected by the city, and, if so modified, the judgment upon the report of the referee affirmed without costs to either party.

All concur, except Grover, J., who dissents.

Judgment accordingly.