THE HEBREW FREE SCHOOL ASSOCIATION, RESPOND-
ENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW
YORK, APPELLANT.

*Chap.* 282, *Laws of* 1852 — *meaning of words "religious society" and "exclusively the property" in* — *Cloud upon title* — *Assessment upon property exempt by law.*

Chapter 282 of the Laws of 1852, limiting the exemptions from taxation created by the Revised Statutes (1 R. S., 388, § 4, sub. 3) was not intended to require the property to belong exclusively to a religious society, organized as an incorporated church, but to a society whose organization and objects should be of a benevolent, charitable or missionary character, falling within the general sense of the term religious, as contradistinguished from private and secular institutions.

Where a religious society, within the meaning of the act, is the owner of a leasehold interest in certain land for a term of eleven years, with a privilege of renewing the lease upon the expiration of the said term, and the absolute owner of the building thereon, and such property is used as a school-house, the society being bound to pay all taxes and assessments, such property is the "exclusive property" of the society, within the meaning of the act, and is entitled to the exemption from taxation thereby created.

An action can be maintained by such a society to have taxes assessed against it declared void, where the proceedings are regular on their face, and extrinsic evidence is requisite to show the invalidity of the tax.

Where a tax is imposed upon property exempt by law, the omission to appear before the commissioner of taxes does not give validity to the assessment.

APPEAL from an order made at the Special Term, overruling a demurrer to the complaint.

The complaint alleges that the plaintiff is a religious, charitable, literary, scientific and educational corporation, created and organized March 13, 1865, pursuant to the act of the legislature entitled "an act for the incorporation of benevolent, charitable, scientific and missionary societies," passed April 12, 1848, and acts amendatory thereto. That the purpose of said corporation is to provide ".for the gratuitous instruction of Jewish youth in the Hebrew

religion and language, and other branches of knowledge, and to promote the study of Hebrew literature."

That the corporation has become the assignee of a lease of certain premises, for a term of twenty-one years from November 21, 1864, with privilege of renewal, made by Hamilton Fish to Joseph Mayer, upon which premises was situate a building which was the property of said Mayer, and which he conveyed to the plaintiff.

That, by the covenant in said lease, the lessee and his assigns are bound to pay the taxes imposed on said premises. That the said house and lot are used by the plaintiff exclusively as a schoolhouse or seminary of learning. That the said house and lot is known by the Ward No. 1,234, and taxes have been imposed thereon for the years 1869 and 1870. The plaintiff then alleges that its property is exempt from taxation ; that it has been illegally taxed ; and that the illegality complained of forms no part of the record, and can be established only by extrinsic evidence. The plaintiff then demands that the taxes be adjudged void, and the defendant and its agents enjoined and restrained forever from enforcing the same. Defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*E. Delafield Smith* and *D. J. Dean*, for the appellant. The property in question is not exempt from taxation unless the plaintiff is a religious society. It is submitted that a corporation incorporated under the act of 1848, is not a religious society within the statute. Religious societies in this State are incorporated under a statute other than the statute under which the plaintiff was incorporated, viz., chapter 60 of the Laws of 1813, and the laws amendatory thereto. (See 3 R. S. [Edm. ed.], 687–704.) The tax which in the complaint is alleged to have been imposed upon real estate known as lot No. 1,234, in the Eleventh ward, was not imposed upon the property of the plaintiff. The fee of the lot in question, as appears by the complaint, is owned by Hamilton Fish. The interest of the plaintiff in the premises consists of : First, it owns the buildings situate thereon ; second, it owns a leasehold interest in the lot for a term of years. Neither of the interests of the plaintiff is real estate, or liable to taxation as such. They constitute chattels,

taxable, if at all, as personal property. By its covenant with the owner of the fee the plaintiff has agreed, as a part of its rent, to pay the taxes which otherwise would be collected from the owner of the fee, and which he is primarily liable to pay to the defendants. Suppose the lease contained no covenant that the lessee would pay the taxes imposed upon the property, then it is clear that the owner of the fee only would be burdened by the tax imposed upon the property, and it would be his duty to pay the tax. It is, therefore, unreasonable that, by procuring a covenant from his lessee that it would pay the taxes, the premises should become exempt entirely from taxation, if the lessee should be a religious corporation. The premises are not *exclusively* the property of the plaintiff. The interest of the owner of the fee is inconsistent with the claim of the plaintiff, that it is the exclusive owner of the premises. An injunction to restrain the collection of a tax, on the sole ground of the illegality of the tax, cannot be maintained. There must be an allegation of fraud, that it creates a cloud upon the title, or some cause presenting a case of equity jurisdiction. (*Morse* v. *Smedley*, 6 Johns. Ch., 28; *Heywood* v. *Buffalo*; 14 N. Y., 534; *Susquehanna Bank* v. *Supervisors of Broome County*, 23 id., 312; *Dows* v. *The City of Chicago*, 11 Wall., 109; *Hannewinkle* v. *Georgetown*, 15 id., 547.)

*Neville & Andrews*, for the respondent. By reference to the statute (R. S., chap. 13, pt. 1, tit. 1, § 5, sub. 3), it will be seen that the exemption is of "every building," etc., and (but only incidentally) "the several lots whereon such buildings are situated," and by the sixth section it is the "building" that is to be exclusively used and to be exclusively the property, etc., so that it would seem that the use made of the "building" carries with it the exemption of the lot. (*Chegary* v. *Jenkins*, 5 N. Y., 376, where the plaintiff was not ever owner of the building.) For the purposes of taxation, the plaintiffs are the owners of the lot, that is to say, if they were not exempt from taxation they are the parties to be taxed for the land. The plaintiffs have an estate for years, and are bound to pay taxes. During their term they are the owners of the lot. This is an estate recognized by statute. (3 R. S. [5th ed.], p. 10.) The tax is not against the land but against the person. (R. S. [5th

ed.], chap. 13, pt. 1, tit. 2, art. 1, § 1, p. 908.) The tax is a charge against the person, not against the land; the land is merely security for the tax. (*Colgate* v. *The Mayor*, 2 Kern., 140.)

DAVIS, P. J.:

It is provided by section 4, title 1, chapter 13, part 1 of the Revised Statutes, that "every building erected for the use of a college, incorporated academy, or other seminary of learning; every building for public worship; every school-house, court-house and jail; and the several lots whereon such buildings are situated, and the furniture belonging to each of them," shall be exempt from taxation. Chapter 282 of the Laws of 1852 provides that the foregoing provisions of the statutes "shall not apply to any such building or premises in the city of New York, unless the same be exclusively used for such purposes and exclusively the property of a religious society, or of the New York Public School Society." ·

The first point made on this appeal is, that the plaintiff is not a "religious society," within the meaning of the act of 1852, and therefore the property described in the complaint is not exempt, although used exclusively for the purposes of a school. This point is based upon the fact, which appears in the complaint, that the plaintiff is organized under the act entitled "an act for the incorporation of benevolent, charitable, scientific and missionary societies," passed April 12th, 1848, and not under chapter 60 of the Laws of 1813, and the laws amendatory thereof, which provide for the incorporation of religious societies. But we think the words, "a religious society," used in the act of 1852, were not intended to be used in the limited signification of church incorporations, or bodies organized for the mere purpose of establishing church societies, as provided by the act of 1813 and its amendments. It is true that the act of 1848 was not intended for the organization of religious societies in the sense of incorporated churches; but in the more general sense we see no reason why a body like the plaintiff may not be deemed a religious society, and as such the exclusive owner of property devoted to a school for religious and other instruction. Or, in other words, we think the act of 1852, in limiting the exemptions from taxation created by the Revised Statutes, was not intended to require the property to belong exclusively to a

religious society organized as an incorporated church, but to a society whose organization and object should be of the benevolent, charitable or missionary character, falling within the general sense of the term " religious" as contradistinguished from private and secular institutions. The second point, to wit, that the property taxed is not shown to be exclusively the property of the plaintiff, was very fully discussed by the court at Special Term. We concur in the conclusions of the learned judge in the opinion he pronounced on that question. The property is what is familiarly known as leasehold. The owner of the reversion, or fee, has executed a lease for a long term of years, for a stipulated rental, with the right of renewal for further terms, and with the usual provisions as to buildings that are or may be erected by the lessee or his assigns, and with covenants for the payment of all taxes and assessments lawfully imposed. The plaintiff is owner, by assignment, of such a leasehold interest, and absolutely of the buildings on the premises, subject to the provisions of the lease. As owner of the term and of the buildings on the demised premises, the plaintiff is, we think, exclusively the owner of the property for the purpose of enjoying the right of exemption under the statute above cited. It is upon its property *exclusively* that the taxes imposed must fall; for, in every practical sense, what is assessed and sought to be taxed is the interest owned and possessed by the plaintiff, and not the reversion of the owner in fee.

The question should be determined by its present practical results, and not by ultimate effects that may result from the modes by which the taxes can lawfully be enforced. The property in the premises of which the plaintiff is the owner, is exclusively its own. That property is exempt under the statute, because it is devoted to the use of a seminary of learning, and is the property of a religious society. Both as between itself and the city, and between itself and the owner of the reversion, the taxation is primarily upon the plaintiff's property; and we do not think that fact is disturbed by the fact that the tax may also be regarded as a lien both upon the term and the remainder. We concur therefore in the views expressed, and the result reached on this point by the court below.

The relief prayed for by the complaint seems to be appropriate

within *Heywood* v. *The City of Buffalo*,* because "the assessment, on the face of the proceedings to impose it, is a valid lien on the land, and extrinsic evidence is requisite to show its invalidity."

The tax having been imposed, without jurisdiction, upon property exempt by law, the omission to appear before the commissioner of taxes and object, did not give validity to the assessment. †

The order should be affirmed with costs, with leave to answer over on payment of costs.

Daniels and Brady, JJ., concurred.

Ordered accordingly.

* 14 N. Y., 534.
† The National Bank of Chemung v. The City of Elmira, 53 N. Y., 49.