8    91
39ap182

IN THE MATTER OF THE PETITION OF THE NEW YORK CATHO-
LIC PROTECTORY FOR AN ORDER DIRECTING THE BOARD
OF SUPERVISORS OF THE COUNTY OF WESTCHES-
TER TO REFUND THE AMOUNT OF A TAX COLLECTED FROM IT.

*County Court — Power to order tax to be refunded — Assessors — acts of, reviewable by
— § 3, chap. 647 of 1866 — § 5, chap. 855 of 1869 — chap. 695 of 1871.*

Where lands used for the charitable purposes of an association are exempted by
statute from taxation, and the assessors of the town in which they lie ille-
gally and improperly assess them, the County Court, on application of the
party aggrieved, has power, under section 5, chapter 855, Laws of 1869, as
amended by chapter 695 of the Laws of 1871, to order the taxes (when paid) to
be refunded.

Where the assessors have power to act, the County Court cannot interfere with the
exercise of the power, but where they have no power to act, the assessment is
illegal and improper, and the County Court can order the tax paid on such
illegal assessment to be refunded.

*Hudson City Savings Institution* (5 Hun, 612) distinguished.

APPEAL by the board of supervisors of Westchester county from
an order in the above entitled matter, made by the County Court of
Westchester county, on the 9th day of December, 1874, directing
said board to refund the sum of $788.46, the amount of tax assessed
and levied upon the property of said corporation in the town of
Westchester, in said county, in the year 1873, and collected from
said corporation by the receiver of taxes of the town of Westches-
ter, under the provisions of chapter 695 of the Laws of 1871, sec-
tion 1.

The respondents were incorporated by the provisions of chapter
448 of the Laws of 1863, and the acts amendatory thereof, namely,
chapter 647 of the Laws of 1866, and chapter 83, Laws of 1871, and
are a corporation created for charitable and reformatory purposes,
and for such purpose have owned, possessed, and used for more than
five years certain lands and buildings in the town and county of
·Westchester, which were used for such charitable and reformatory
purposes, and for no other purpose whatever. By section 3 of
said chapter 647 of said Laws of 1866, it is enacted : " The real
and personal estate belonging to and used for the charitable pur-
pose of said association shall be exempt from taxation."

The fact of said exemption was duly communicated to the assessors of said town in the year 1873, and before their action in the premises, but notwithstanding such exemption and notice thereof, the assessors set down on their assessment roll, as lands liable to taxation for the year 1873, a portion of the said lands so owned and used for the aforesaid charitable purposes, and the same having been presented to the board of supervisors, the said body estimated in the assessment roll the tax of $788.46 to be borne by said portion of said lands and paid by the respondents, and said amount was levied and collected of the property of the respondents. The petition alleging the foregoing facts was not in any respect denied by the board of supervisors.

*Odle Close*, for the appellant. I. The County Court has no jurisdiction to review the action of assessors in making an assessment, and it could not therefore adjudge the tax in question to be illegal or improper.

The act under which authority is given to make the order in question, is an act to extend the powers of boards of supervisors, and was not intended to clothe the County Court with jurisdiction to review the action of assessors in making an assessment.

II. The determination of the assessors in such cases is judicial, and of course not reviewable by any tribunal; certainly not by the County Court.

III. A judicial error in such case, if any, is not a "clerical or other error," within the meaning of the statute giving the County Court jurisdiction to review, or make any order for the refunding of the tax, etc. (*Matter of the Hudson City Savings Institution*, 5 Hun, 612.)

*Robert Cochran*, for the respondent. I. The action of the assessors of the town of Westchester, in deciding that any portion of the property of the respondents was liable to taxation, was illegal, and the making of the assessment exceeded their jurisdiction. (§ 3, chap. 647, Laws of 1866; *The National Bank of Chemung* v. *The City of Elmira*, 53 N. Y., 49.)

II. This is one of those cases expressly contemplated by the law giving county courts the power to direct the remission of taxes. (§ 1, chap. 695, Laws of 1871.)

DYKMAN, J. :

The New York Catholic Protectory is a corporation duly incorporated and organized for charitable and reformatory purposes and objects.

For a number of years past it has owned and been in the possession of certain lands and buildings in the town and county of Westchester, all of which have been exclusively used for the purposes of such charity and reform, which purposes specifically are the cure, maintenance, and instruction of the persons whom, by their charter, they are authorized and empowered to receive and have under their charge and control. The average number of the inmates of said buildings, and for whom the lands are used, is over 1,500, and all of whom are kept, fed, clothed, and maintained in the buildings and on the lands, and instructed in the branches of an English education and in trades and agriculture. The inmates are principally orphan children.

It is provided, by the third section of the law which constitutes the corporation, that "the real and personal estate belonging to and used for the charitable purposes of said association shall be exempt from taxation.". (Laws of 1866, chap. 647.)

In the year 1873, before the assessors of the town of Westchester had made their assessment, they were informed that all the lands and buildings of the corporation in their town were occupied and used exclusively for the charitable and reformatory objects of the corporation. Notwithstanding this information, the assessors of the town of Westchester set down on their assessment roll and assessed a portion of these lands. The assessment was confirmed, the tax was levied by the board of supervisors of the county of Westchester, and collected by the collector of the town. The amount of the tax so levied and collected was $788.46.

On the 12th day of November, 1874, the corporation presented a petition, stating substantially the foregoing facts, to the County Court of Westchester county, and asked that an order might be made directing the board of supervisors to refund the amount of the tax so levied and collected. The board of supervisors appeared before the County Court and answered the petition, and made answer that the assessment complained of was, in all respects, legal, and that in the making thereof no clerical or other error was com-

mitted, or any injustice done to the corporation, and asked that the prayer of the petition be denied. None of the facts stated in the petition were denied, and, of course, were all assumed to be true, and the action of the County Court was based upon them.

The County Court made an order directing the board of supervisors of Westchester to refund to the Protectory the amount of the tax so levied and collected. From that order the board of supervisors appealed to this court, and the whole matter is now before us for examination and determination.

The order of the County Court was made under section 5 of chapter 855 of the Laws of 1869, as amended by chapter 695 of the Laws of 1871. As so amended, the section provides that the board of supervisors of any county, except New York and Kings, may, by a two-third vote, legalize certain informal acts of town meetings, and certain irregular acts of town officers, upon recommendation of the County Court; "and, also upon like recommendation, to correct a clerical or other error in any assessments or returns."

"And upon the order of such court made, on application of the person aggrieved and notice thereof to such board, it shall refund to such person the amount collected from him of any tax illegally or improperly assessed or levied."

As the facts stood admitted before the County Court, they showed that the tax had been illegally and improperly assessed and levied, because the property was exempt from taxation by a special statute, and the attention of the assessors had been called to the fact and the exemption claimed. The assessors had no jurisdiction over the property at all.

But it is claimed that as only such lands as were used for the charitable purposes of the corporation are exempt from taxation, it became the duty of the assessors to determine the question as to what lands were so used, and to assess land which, in their judgment, was not so used; that such determination on the part of the assessors was a judicial act, and not reviewable by the County Court.

The answer to this is that the admitted facts before the County Court, upon which this order was made, shows that if the assessors did determine that the lands of the petitioners were not all used

for the purposes of the charity, they determined erroneously, and it is elementary law that where the right of assessors to act depends upon the existence of some fact which they erroneously determine to exist, their acts are void. (*Bank of Chemung* v. *City of Elmira*, 53 N. Y., 53.)

In that case the same argument was used that was used in this, and in relation to it Chief Justice CHURCH uses the following language : " It is argued that they have jurisdiction to determine what property is taxable in the town. This is a mistake. The legislature determines that question and the officers have no power over it. The statute requires the assessors to 'ascertain by diligent inquiry,' two things : First, the taxable inhabitants. Second, the taxable property. Where they decide erroneously as to a taxable inhabitant, it is conceded, and *The Mygatt Case* (15 N. Y., 316) holds, that they are liable as trespassers Why not, when they err as to taxable property ? The duty is precisely the same, and the power conferred in the same language. Assessors must have jurisdiction over the person and the subject-matter.

" The person must be an inhabitant of the town and the property must be taxable, otherwise the assessment is illegal and void."

In this case it appears that there never was any dispute about the facts ; the assessors were informed fully of the exemption and put in possession of all the facts, and there was nothing in them to call for the exercise of any judgment on their part at all. They simply determined to disregard the statute and make the assessment. With this large number of human beings before their eyes, occupying and using these buildings and this land for the charitable purposes contemplated by the legislature at the time the exemption was declared, these town assessors yet saw fit to determine that this real estate was taxable.

This is a noble charity maintained and carried on under the observation of these very assessors, and should meet the encouragement and approbation of all men, and we think it was a mistaken zeal in the discharge of their public duties that induced these assessors to assess this property and thus cause the collection of the tax. But it is said further that the County Court had no power to make the order, and no jurisdiction to review the act of the assessors in making an assessment and that the law under which the authority

was given was not intended to clothe the County Court with such power.

To sustain this position the case of *The Hudson City Savings Institute* (5 Hun, 612) is cited and it must be admitted that some things which are said in that opinion, do give countenance to the position, but the case is not analogous to this. That was a case of an assessment which was entirely legal and proper, and at the close of the opinion, and in what was undoubtedly intended to give the true reason for the decision, Mr. Justice JAMES uses the following language : " Therefore, in this case, whatever may be the fact about exemption, the assessment was legal and proper, and the County Court was without authority either to review or, upon new facts, to retry said assessment and adjudge it illegal or improper."

This is entirely correct, as we should expect it to be, coming from a judge of so much ability and experience as the eminent justice who prepared the opinion. The statute in question does not give power to the County Court to adjudge a tax illegal or improper, but to make an order that the board of supervisors shall refund the amount collected of any person " of any tax illegally or improperly assessed."

The distinction is between an erroneous and illegal assessment. The former is when the officers have power to act and err in the exercise of the power. The latter is where they have no power to act at all, and it does not aid them to decide that they have. (*Bank of Chemung* v. *City of Elmira*, 53 N. Y., 58.)

We hold, therefore, that as the tax in this case was illegal and improper the County Court had the power, under the statute, to make the order, and it must be affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.