THE PEOPLE ex rel. HENRY L. HERMANCE and WILLIAM W. HERMANCE, Appellants, v. THE BOARD OF SUPERVISORS OF ULSTER COUNTY, Respondents.

*Chap. 695 of 1871 — in what cases County Court has power to act under.*

The provision of chapter 695 of 1871, authorizing the County Court, upon application of the party aggrieved, to make an order requiring the board of supervisors to refund to such person the amount collected from him, of any tax illegally or improperly assessed or levied, only applies to cases in which the assessors had no power to make the assessment, and not to cases in which they had power to act but erred in its exercise. (BOCKES, J., dissenting.)

*Matter of New York Protectory* (8 Hun, 91) and *Hudson City Savings Bank* (5 Hun, 612) followed; *Pells' Case* (MS., Commission of Appeals) distinguished

APPEAL from an order of the County Court of Ulster county, denying an application, under chapter 695 of 1871, for an order requiring the board of supervisors of Ulster county to refund a tax alleged to have been illegally assessed and collected.

A petition was presented to the court, upon due notice to the board of supervisors, alleging that the petitioners had been improperly and illegally assessed for $10,000 personal property, which they

did not own or possess, and had been compelled to pay thereon a tax of $600.40.

The facts were not contradicted, but the application was opposed by the attorney of the board, and the application was denied on the sole ground that the court had no jurisdiction, under the construction given to the statute by the Supreme Court.

*Schoonmaker & Linson*, for the appellants.

*F. L. Westbrook*, for the respondent.

LEARNED, P. J. :

A distinction has been laid down in the Court of Appeals between an erroneous and an illegal assessment. (*Bank of Chemung* v. *City of Elmira*, 53 N. Y., 53.) The former, where the assessors have the power to act, but err in its exercise ; the latter, where they have no power.

*In the Matter of New York Catholic Protectory* (15, S. C. N. Y. [8 Hun], 91), holds that, in the latter case, the statute under which the present application is made applies.

*In the Matter of Hudson City Savings Institution* (12 S. C. N. Y. [5 Hun], 612), holds that, in the former case, the statute does not apply.

The *Pells Case*, in the Commission of Appeals, was the case of assessment of United States bonds. It was, therefore, an illegal, not an erroneous assessment. And the decision in that case determines nothing as to the power of the county judge to review on the ground of *error*, an assessment made by the proper officers.

The affidavit of the applicants in this present case shows only that they were assessed for a greater amount than was just, or, rather, that they were assessed for personal property when they had none for which they were liable. This is substantially an over-valuation ; an error in judgment. It is not, as it was in the case of the *Bank of Chemung* v. *Elmira*, an assessment illegal, and for which the assessors had no jurisdiction.

To give the other construction to the statute (Laws 1871, chapter 695), which is urged by the applicants, would be to make the county judge a court of review of every alleged over-valuation of assessors.

This cannot be the reasonable construction of the statute, especially as it speaks only of "illegal and improper" taxes.

As the decision of this court, in the case above cited, is not reversed by the decision in the *Pells Case*, it should be followed.

The order should be affirmed, with ten dollars costs, etc.

Bockes, J. (dissenting):

The decision in the *Pells Case* by the Commission of Appeals seems entirely conclusive of the case now before us. There the relator was taxed on an assessment for $6,000, personal property, for each of the years 1866, 1867 and 1868; whereas, as was alleged, she should have been taxed on $1,000 only for each of those years. Thus it was a case simply of over-valuation of the relator's personal property. It was a taxation on an assessment of $6,000, instead of $1,000, for three years. There, like the case in hand, the assessors had jurisdiction of the person and of the subject-matter. The relator was a resident of the town, and liable to taxation therein, and she was possessed, as was conceded, of $1,000, personal property, liable to assessment. It was, therefore, a case of erroneous or over-taxation, neither more nor less. The Commission of Appeals held that the relator was entitled to relief under the laws of 1871, reversing the decision to the contrary, reported in 63 Barbour, 83. (*People ex rel. Pitts* [*Pells*] v. *Supervisors of Ulster*). Thus, this case holds that a party is entitled to relief under the laws of 1871, against an *erroneous* assessment. Indeed, it seems that this should be so, for in case of an *invalid* assessment the party has a perfect remedy without any aid from that act. The case in hand, in principle and on the facts, is precisely like the one decided in the Commission of Appeals.

It is true, the question discussed in the *Pells Case*, by the Supreme Court, was whether the law of 1871 was retrospective in its effect. This question was re-examined on appeal in the Commission of Appeals, and that court, after determining that the act was retroactive, went further and decided the case on the merits, holding that the relator, *on the facts there disclosed*, was entitled to the relief demanded. The case was fully considered on the question of the relator's right to relief. I see nothing *obiter* in that case.

The opinion of Commissioner REYNOLDS seems to cover the

entire ground of this case in its reasoning and conclusion, and necessarily so. Of course we are bound by this decision.

The order appealed from must be reversed, with $10 costs and disbursements on appeal, and the case should be remitted to the County Court of Ulster county, to the end that such court may proceed in the matter and make the order authorized and required by the act of 1871.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing.