WILLIAM KENNEDY AND JAMES J. McGOWAN, RES-
PONDENTS, v. THE CITY OF TROY, APPELLANT.

*Assessment — Erroneous principle adopted by assessors — Action for injunction
— by whom maintainable — Evidence as to erroneous principle adopted by the*
*assessors.*

Where assessors, in making an assessment for a local improvement, have, by
acting upon an erroneous principle, omitted from the assessment property
benefited by the improvement, and which should have been assessed therefor,
*held*, under the authority of *Clark* v. *Village of Dunkirk* (19 S. C. N. Y., p.
181), that an action might be maintained by one or more of the persons
assessed in behalf of themselves and others similarly situated, to restrain the
collection and enforcement of the same.
*Held*, on the same authority, that the testimony of one of the assessors, as to the
principle upon which they acted in making the assessment, was competent to
show that it was an erroneous one.
That the fact that a portion of the persons assessed had paid their assessments
did not prevent the maintenance of an action by the others to restrain further
proceedings thereunder.

APPEAL from a judgment in favor of the plaintiffs, entered upon
the trial of this action by the court without a jury.

This action was brought to have an assessment for laying a
sewer, in one of the streets in the city of Troy, declared void, and
to enjoin and restrain all proceedings for the collection thereof.
The complaint states that the cause of action and the relief
demanded by the plaintiffs was of common interest between them
and other persons, whose premises were assessed and whose assess-
ments remained unpaid, and that the action was brought by them

as well for their own benefit as for that of all the persons assessed and whose assessments remained unpaid. It was claimed by the plaintiffs that the assessors, in making the assessment, had assessed only those lands the surface water of which could flow into the sewer, while there were other lands the surface water of which could not flow therein which were benefited and should have been assessed; the charter requires all property benefited by the improvement to be assessed. The low lands were already drained by a sewer laid in them by the city, but at times of heavy rains it was claimed that the surface water from portions of the adjoining higher lands flowed onto the low lands; that the sewer then laid not being sufficiently large to carry it off, the same was burst open and much damage done; that by the building of the new sewer such surface water was carried off in it, and the damage to the sewer in the low lands and the floods thereby prevented.

At the time of commencing the action a number of the persons assessed had paid the amounts assessed upon their lands.

*R. A. Parmenter*, for the appellant. The complaint does not contain facts constituting a case for the equitable relief demanded, or for any other relief whatever in equity, or for damages in a court of law, in favor of the plaintiffs, jointly or severally. These grounds of defense are pleaded and were raised on the trial by motion to dismiss the complaint. This action cannot be maintained by the plaintiffs jointly, nor on behalf of themselves and others similarly situated. Nor would there have been any ground for equitable relief, had only one of the plaintiffs brought the action. (*Bouton* v. *City of Brooklyn*, 15 Barb., 375; *Crooke* v. *City of Brooklyn*, 40 N. Y. R., 547; *Lyon* v. *City of Brooklyn*, 28 Barb., 609.) If the assessment is illegal, the remedy was by *certiorari*, as adjudged in *Le Roy* v. *Mayor of New York* (20 John., 430). That decision, though often questioned, was finally approved in *People* v. *Board of Assessors* (39 N. Y., 81); *People* v. *Board of Police* (id., 506), and *People* v. *Hillhouse* (1 Lansing, 87); see, also, *Western R. R. Co.* v. *Nolan* (48 N. Y., 513). A local assessor who has signed the assessment cannot be allowed to impeach or contradict his solemn act. In that respect, he is like an arbitrator, or a juror, or a referee. (*Van Courtlandt* v. *Under-*

*hill*, 2 Johns. Ch. R., 349; *Campbell* v. *Western*, 3 Paige, 137; *The People* v. *Supervisors of Livingston Co.*, 43 Barb., 236–7.)

*Esek Cowen*, for the respondents. If the assessors adopt an erroneous and unsound rule of law in ascertaining the property benefited, their action is illegal and without jurisdiction. The plaintiffs are compelled to resort to this remedy, because the assessment is void, and because its invalidity must be shown by extrinsic facts not appearing on the face of the proceedings. This action is proper, because it prevents a multiplicity of suits, and because the assessments are a cloud upon the title of the plaintiffs and those on whose behalf they sue. (*Leroy* v. *New York*, 20 Johns., 430; *Ireland* v. *Rochester*, 51 Barb., 414; *Langly* v. *Hudson*, 4 Thomp. & Cook, 353; *Heywood* v. *Buffalo*, 14 N. Y., 534.)

LEARNED, P. J.:

In regard to tax assessors, the Court of Appeals has distinguished between an erroneous and an illegal assessment. (*Bank of Chemung* v. *City of Elmira*, 53 N. Y., 53.) So in *People* v. *Supervisors* (17 S. C. N. Y., 545), affirmed in Court of Appeals.

It would seem that a neglect, such as in the present case is claimed, to assess lands which might properly have been assessed for benefits, would be an erroneous rather than an illegal act. But in the case of *Clark* v. *Village of Dunkirk* (19 S. C. N. Y., 181), an action was brought to restrain the collection of an assessment for making a sewer, upon the ground that the assessors had proceeded upon erroneous principles; that they had assessed some land which was not benefited; that some of the land assessed could not drain into the sewer, and that a large part could not be drained without considerable expense and changing the surface of the lots, etc. The action was sustained, and the assessment was declared void, and a perpetual injunction was granted. That case seems to hold that where the assessors err in judgment, "proceed upon erroneous principles" as to the property which they assess, an action can be maintained by a person assessed to restrain the assessment, on the ground that such error makes the assessment void. The decision appears to cover the present case. And, therefore, *without expressing our own opinion*, we follow that decision.

It is worth noticing, however, that that assessment was adjudged to be void because the assessors did assess land which lay below the bottom of the sewer and could not drain into it. The present assessment has been adjudged to be void for the opposite reason, that is, because the assessors did not assess certain land which lay below the sewer and could not drain into it. The courts, therefore, in each case must have assumed to decide what land was, in fact, benefited by the sewers. They must then have reviewed, in an action for an injunction, the judgment of the assessors, as expressed in their assessment. This seems to be of doubtful propriety; but such is the decision in the case above cited.

On the trial of this case the plaintiff proved, by one of the assessors, that the reason why the assessors did not assess the land referred to, lying below the sewer, was that they thought they could legally assess only the lots that furnished the water which ran into the sewer. The defendants objected to this evidence, and claimed that the correctness of a decision actually made, does not depend on the reasons which influenced the persons making it. But the duty of the assessors is to apportion the expenses on the property benefited. If they had in fact decided that these lower lands were not benefited by the sewer, it would probably be admitted that they had passed on a matter within their jurisdiction. The ground of the plaintiffs' action is that the assessors did not in fact so decide; that they erroneously thought these lower lands were not within their power. And in accordance with the case of *Clark* v. *Dunkirk* (*ut supra*), it would seem to be proper to show the erroneous principles on which they acted; to show that, in fact, they did not decide that these lower lands were not benefited. There is plainly an evil in permitting the act of a body of legally appointed officers to be attacked by such evidence; by showing their views of the law, in order to qualify and affect their sworn verdict, as it might be called. But the plaintiffs claim the right to show that the assessors adopted an improper rule. And from the decision, above referred to, it seems to follow that they may show this.

The defendant urges that the finding by the learned justice, to the effect that many of the owners of the lots assessed appeared before the assessors and claimed that these other lots above men-

tioned, should be assessed, is not sustained by the evidence. The case shows no evidence on this point. But the matter is immaterial.

So also the defendant urges that the finding as to the admission of the assessors is not supported by the evidence. It does not appear in the evidence that they admitted the matter to be as found. The only testimony is that of one of their number. He testifies that the reason they did not include this property, was, because it was claimed that they could not do it legally; that they could only assess the lots that furnished the water. No contradictory evidence is given.

Assuming, under the decision cited above, that it is for the court to decide what property was benefited and whether the assessors omitted any that was benefited, or included any that was not, we think that the finding of the learned justice that these lands in question were benefited, is supported by the evidence. Some argument was made based on the effect of restraining the collection of an assessment after the work was done and some of the assessed parties had paid. But that point also must have been considered in *Clark* v. *Dunkirk* (*ut supra*).

The defendant further insists that there is no right in the plaintiffs to unite in this action. There was no inflexible rule in the Court of Chancery as to joinder of parties; and persons having separate interests were sometimes allowed to unite to restrain a common injury. (*Murray* v. *Hay*, 1 Barb. Ch., 59; Code, § 199.) This action is brought by these plaintiffs for the benefit of all similarly situated. Numerous suits for the same object would be an evil.

For these reasons we think the judgment should be affirmed with costs.

Present — LEARNED, P. J., and BOCKES, J.; OSBORN, J., taking no part.

Judgment affirmed with costs.