BOWKER ROBINSON, Respondent, v. JOHN A. ROWLAND
and Others, Assessors, etc., Appellants.

*Assessors — their decision is conclusive if they have jurisdiction.*

Where the assessors of a town place the name of a resident thereof upon the list
of those to be taxed for dogs, and there is evidence tending to show that he
"harbored" the dog, their decision, though erroneous, cannot be attacked
collaterally, and no action will lie against them by the person who is com-
pelled to pay the tax although he did not in fact harbor the dog.

APPEAL from a judgment of the County Court of Suffolk county,
affirming a justice's judgment in favor of the plaintiff.

The action was brought against the defendants, as assessors, to
recover the amount of a tax imposed upon the plaintiff for a dog,
which tax the collector had collected under a levy made upon plain-
tiff's goods.

*B. K. Payne*, for the appellants.

*Nathan D. Petty*, for the respondent.

Gilbert, J. :

I think the county judge erred in treating the judgment of the
justice of the peace as conclusive upon the question whether the
plaintiff harbored the dog. It was his duty to review the evidence
and determine whether the conclusion of the justice upon that
question of fact was in accordance therewith. It was a question
respecting the conclusion to be drawn from the evidence, rather
than one arising upon conflicting testimony. (Wait's L. and P.,
887, *et seq.*). In *Burnham* v. *Butler* (31 N. Y., 480) nothing is
decided which is opposed to the general rule here stated.

It is certainly a serious question whether the plaintiff did not har-
bor the dog. The law which imposes a tax upon dogs (Laws 1862,
chap. 244; Laws 1875, chap. 482, § 14), is founded upon the idea
that they are in one sense public enemies on account of their pro-
pensity to kill sheep. Hence the statutes referred to plainly indi-
cate that the object of the tax is the indemnification of persons
whose sheep have been killed or injured by dogs. Non-payment
of the tax within five days after demand thereof imposes upon the

collector the duty of killing the dog, and renders such killing by any person lawful. Such being the object of the statute the term "harbor" must be construed accordingly. One who affords shelter or protection to a dog, whether temporarily or permanently, harbors him within the meaning of the statutes cited. (*Jones* v. *Van Zandt*, 5 How. [U. S.], 215.) It appears that the plaintiff's son lived in the same house with his father; that the dog in question belonged to the son's father-in-law, Mr. Benjamin, and according to a preponderance of evidence, that the dog was in the habit of coming to the house of the plaintiff, and staying one or two weeks at a time, about the period when the assessors were making up their rolls; that he was in the habit of following the plaintiff when riding in his wagon, and that he was seen at different times in and about the plaintiff's premises. There is no affirmative evidence that the plaintiff either fed the dog or in any way encouraged his remaining upon his premises, nor is there any evidence that he did any act to expel him therefrom. The evidence is certainly sufficient to show that whenever the dog was on his premises, it was with the plaintiff's permission. That we think is sufficient to constitute a harboring of the dog within the meaning of the statutes cited. But it is undisputed that the plaintiff is a resident of the town of Riverhead, and that during the period when the defendants were engaged in making up their assessment rolls, the dog was either at the plaintiff's or at one Worthington's in said town. Either Worthington or the plaintiff was liable to be taxed for the dog. The defendants in making the assessment acted judicially. They had jurisdiction both of the subject-matter assessed and of the person of the plaintiff. In determining that the plaintiff harbored the dog, they acted within the limits of the jurisdiction conferred upon them, and are not liable for an erroneous determination of that question.

The law affords to assessors, while acting within the scope of their jurisdiction, the same protection against liability to private parties for the erroneous exercise of their functions, as it affords to other judicial officers. Such protection is necessary to insure a free and unembarrassed performance of the duties of the assessors, unrestrained by any apprehension of personal consequences which may result from a mere error of judgment. (Cooley on Taxation, 550; *Easton* v. *Calendar*, 11 Wend., 90; *Weaver* v. *Devendorf*, 3 Denio,

117; *Barhyte* v. *Shepherd*, 35 N. Y., 238; *Williams* v. *Weaver*, 75 id., 30; *Bell* v. *Pierce*, 51 id., 12.) The case of *National Bank of Chemung* v. *The City of Elmira* (53 N. Y., 53), and other kindred cases merely decide that assessors cannot acquire jurisdiction by an erroneous decision that the fact upon which their jurisdiction depends exists. Those cases are not applicable to this case, for the jurisdiction of the assessors to tax the dog, he being in the town of Riverhead, was expressly conferred by statute. The plaintiff was a resident of that town. That fact gave them jurisdiction of his person. The evidence that he harbored the dog, although it may have been insufficient to prove the fact of such haboring conclusively, was sufficient to call for the exercise of the judgment of the assessors upon that question, and however erroneous their determination may have been, it cannot be assailed collaterally, much less can it furnish ground for a private action against them.

"The distinction is between an erroneous and an illegal assessment. The former is when the officers have power to act, but err in the exercise of the power; the latter where they have no power to act at all." (53 N. Y., *supra*.)

The judgment of the County Court and that of the justice of the peace must be reversed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment of County Court and of the justice reversed, with costs.