IN THE MATTER OF THE PETITION OF THE NEW YORK
CATHOLIC PROTECTORY.

The determination of assessors as to a fact upon which their jurisdiction
depends, is not conclusive.  If the jurisdictional fact does not exist, the
determination of the assessors that it does exist does not establish juris-
diction in them.

Under the provision of the act "to extend the powers of boards of super-
visors," etc. (§ 5, chap. 855, Laws of 1869, as amended by chap. 695,
Laws of 1871), which requires the board of supervisors of a county
(except New York and Kings), upon the order of the county court made
on application and notice as specified, to refund to a party aggrieved
"the amount collected from him of any tax illegally or improperly
assessed or levied," where a tax is clearly illegal, and has been col-
lected, the county court has power to order the board of supervisors to
refund the amount so collected.

It is not essential to the exercise of this power that the assessment shall
first have been adjudged illegal by some competent tribunal.

Certain real estate belonging to the petitioner was assessed, a tax imposed
thereon and collected.  By its charter (§ 3, chap. 647, Laws of 1866), its
property "used for the charitable purposes of said association" is
exempted from taxation.  Upon application to the county court under
said act for an order requiring the board of supervisors to refund said
tax, the petition alleged that the land upon which the tax was imposed
belonged to the petitioners, and was used for such charitable purposes.
This was not controverted in any manner.  *Held*, that the order was
properly granted.

*In re Hudson City Savings Institution* (5 Hun, 612), overruled.

*In re Hermance et al.* v. *Board of Supervisors* (71 N. Y., 481), distin-
guished and limited.

(Argued April 22, 1879; decided May 20, 1879.)

APPEAL from order of the General Term of the Su-
preme Court in the second judicial department, affirming
an order of the County Court of the county of Westchester,
which directed the board of supervisors of said county to
refund to the petitioner above named the amount of a tax
assessed and levied upon certain real estate belonging to said
petitioner, situate in said county and collected from the
petitioner, which tax was alleged to have been illegally
assessed.

· The facts appear sufficiently in the opinion.

*W. H. Robertson*, for appellant. The county court had no jurisdiction to review the action of the assessors in making an assessment, and could not therefore adjudge the tax in question to be illegal or improper. (*In re Hudson City Svgs. Bk.*, 5 Hun, 612; *In re Hermance* v. *Suprs. Ulster Co.*, 71 N. Y., 481.)

*John E. Develin*, for respondents. The town assessors in deciding that any of the petitioner's property was taxable, and in making the assessment, exceeded their jurisdiction. (Laws 1866, chap. 647, § 3; Laws 1871, chap. 695, § 1; *Nat. Bk. of Chemung* v. *City of Elmira*, 53 N. Y., 49.)

RAPALLO, J. Under the decisions of this court, in *Chegaray* v. *Jenkins* (5 N. Y., 376), and *The National Bank of Chemung* v. *The City of Elmira* (53 id., 49), the tax imposed upon the petitioners was clearly illegal. By the act amending their charter (*Laws of* 1866, *chap.* 647, § 3) it is provided that "the real and personal estate belonging to and used for the charitable purposes of said association, shall be exempt from taxation." That the land upon which the tax in question was imposed belonged to the petitioners, and was used for such charitable purposes, is alleged in the petition and not controverted in any manner. The assessors consequently had no jurisdiction to assess that land ; and even if they be deemed to have determined as a fact that the land was not so used as to bring it within the exemption, their determination was not conclusive, the fact being one upon which their jurisdiction depended. If the jurisdictional fact did not exist, the determination of the assessors could not establish jurisdiction in them. This position is fully established by the two cases above cited.

The only question open on this appeal is whether under the provisions of chapter 855 of the Laws of 1869, as amended by chapter 695 of the Laws of 1871, the county court was authorized to order the board of supervisors to refund the amount collected for the tax thus illegally imposed.

The act of 1869, section 5, empowered the board of supervisors of any county except New York and Kings, upon the recommendation of the county court, "to correct any manifest clerical, or other error in any assessments or returns which should properly come before such board for their action, confirmation, or review." By the act of 1871, this section was amended by adding at the end thereof, "and upon the order of such court, made an application of the party aggrieved, and notice thereof to such board, it shall refund to such person the amount collected from him, of any tax illegally or improperly assessed or levied." The amendment then proceeds to provide for an appeal from the order of the county court and for raising and apportioning the amount refunded.

The imposition of the tax in question was manifestly illegal, the property upon which it was assessed being by law exempt from taxation. It was not a case merely of an error of judgment in determining the amount of the tax, but of a total want of jurisdiction in the assessors to assess the property at all.

The tax having been illegally and improperly assessed, levied and collected, the case would seem clearly to be one of those for which the act of 1871, was intended to provide. The appellant however cites the cases of *The Hudson City Savings Institution* (5 Hun, 612), and *In re Hermance et al.* v. *Board of Supervisors of Ulster Co.* (71 N. Y., 481), as showing that under these statutes the county court had no power to order the refunding of this tax.

The first case holds that the order to refund cannot be made until the assessment has been adjudged illegal by some competent tribunal. We do not find in the statute any such qualification of the power of the county court. The power granted to it is to order the refunding of a tax illegally or improperly imposed. When it is clearly shown to the county court that the tax was illegally assessed or levied, that it was assessed in direct violation of a statute, that would seem sufficient to justify its action. No previous determination of

the question by any other tribunal is called for by the statute.

The second case cited (*In re Hermance*) was not the case of a tax illegally imposed. The tax was upon personal property. It was not claimed that the persons assessed were beyond the jurisdiction of the assessors, nor that the property was exempt. The alleged illegality consisted simply in assessing the petitioners, as they claimed, for more personal property than they possessed. The parties being liable to be assessed upon their personal property, the assessors had jurisdiction to determine the amount for which they were assessable. There was no illegality in the tax. The question was one of amount only. The county court refused an order to refund, and the General Term and this court sustained the decision of the county court. In the Supreme Court the decision was made to turn upon the distinction between an illegal and an erroneous assessment. The General Term held that the case was simply one of over-valuation, a mere error of judgment, and not like that of the *Bank of Chemung* v. *Elmira* (53 N. Y., 53), a case of want of jurisdiction which rendered the assessment illegal; and they very properly held that it was not the object of the statute to make the county court a court of review of every alleged over-valuation of assessors. That such cases did not come within the terms of the statute, which applies only to taxes illegally and improperly assessed. The correctness of this decision cannot be disputed and it was affirmed in this court. The learned judge who delivered the opinion did not however confine himself to the point upon which the General Term rested, but discussed some questions which were not necessary to the determination of the case, and he was of opinion that the order could only be made by the county court in cases where the error appeared upon the face of the proceedings, and was of an inferior character, in the nature of a clerical error, and that where the illegality consisted of a want of jurisdiction in the assessors the statute did not apply.

We think that the act undoubtedly confines the power of

correction conferred upon the board of supervisors to clerical or other errors of that description.    This power is to be exercised before collection of the tax, and may be even before its imposition.    But the power of the county court to order the refunding of a tax illegally assessed, or levied and collected, is a different power, conferred, not upon the supervisors, but the court, and is not in its nature applicable to cases of mere clerical errors, or errors which would not render the assessment void.    It seems to us intended to meet cases of illegal taxation, and those are, where a tax has been assessed or levied without authority of law, or in violation of law, and has been collected.    It furnishes a summary remedy for such cases.    In applying to the court for this statutory remedy, no previous action of the board of supervisors is required to be invoked or shown, but the party aggrieved is to apply directly to the court, and the board of supervisors has no discretion in the matter, but is required by the statute to obey the order of the court.    This point was not involved in the *Hermance Case*, as that was not the case of an illegal tax, and the decision is not therefore conclusive as an authority.    The question is now for the first time presented for adjudication, and we think that where, as in the present case, the tax is clearly illegal, being imposed in violation of the statute, the county court has power to order the board of supervisors to refund the amount collected therefor.

The order should be affirmed, with costs.

All concur.

Order affirmed.