IN THE MATTER OF THE APPLICATION OF LUCY COLEMAN, FOR AN ORDER DIRECTING THE BOARD OF SUPERVISORS OF ORLEANS COUNTY TO REFUND A TAX.

*Taxation — power of the county judge to relieve from an illegal and unjust assessment where the applicant had made oath, before the assessors, that he had no personal property — 1871, chap. 695.*

The petitioner applied to the county judge of Orleans county for an order directing the board of supervisors to refund to her the amount of a tax which she had been compelled to pay. She alleged that she had been assessed for $6,800 for personal property ; that she appeared before the assessors on grievance day and made oath that she had no personal property subject to assessment or taxation, and that there was no evidence to contradict her statement. The county judge dismissed the petition upon the ground that he had no jurisdiction in the premises.
*Held,* error.

APPEAL from an order of the County Court of Orleans county, entered March 13, 1882, refusing an order directing the return of a tax of forty-seven dollars and eighty-seven cents, which order was denied, for want of jurisdiction to hear and decide the matter. The petitioner alleged that she was assessed for $6,800 for personal property, by the assessors of the town of Clarendon, in said county, in the year 1880, and that she paid the tax thereon of some forty-

two dollars. That on grievance day she made an oath before the assessors that she had no personal property subject to assessment or taxation, and that there was no evidence to contradict her statement, except the statement of one of the assessors, who said he had seen two mortgages purporting to belong to her. That she did not own the said mortgages, nor any interest therein. The tax collector certified that he collected of her, upon such assessment, forty-seven dollars and ninety-seven cents. Affidavits were read in opposition to her application in the County Court, but they were not considered by the General Term, as the County Court held it had no jurisdiction in the premises, and denied the application.

*John Cunneen*, for the petitioner, appellant.

*Signor & Wage*, for supervisors, respondents.

HARDIN, J.:

Chapter 695 of Laws of 1871, in section 5, confers power upon the board of supervisors, upon the order of "the County Court, made on the application of the person aggrieved," to refund "any tax illegally or improperly assessed or levied." If the petitioner had no personal property in 1880 she was illegally or improperly assessed," and the tax was "illegally and improperly" levied upon her, and therefore her case is brought within the terms of the act of 1871. In *Boardman* v. *Board of Supervisors of Tompkins County* (85 N. Y., 360), it was held that a person who had been improperly assessed in Tompkins county, upon personal property owned by a resident in Monroe county, was properly allowed an order directing the tax to be refunded, and an order of the General Term reversing an order of the County Court was reversed. We must follow the rule laid down in that case, and we therefore hold that the County Court of Orleans county had jurisdiction, and it was its duty to pass upon the merits involved in the case made by the petitioner before it, and its refusal to do so, "for want of jurisdiction," was error. If the facts be as averred by the petitioner she was not liable to assessment and taxation for the $6,800 of personal property included in her assessment, and the determination of the assessors does not stand in the way of relieving her. (*In the Matter of Catholic Protectory,* 77 N. Y., 342; *Williams* v.

*Board of Supervisors,* 78 id., 563; *Boardman* v. *Supervisors, supra.*)

We must reverse the order of the County Court for the error spoken of.

Order of the County Court of Orleans county reversed, with ten dollars costs and disbursements, and proceedings remitted to that court with directions to proceed and hear the application upon the merits.

SMITH, P. J., and BARKER, J., concurred.

Order of County Court reversed, with costs.