THE NEW YORK INFANT ASYLUM, APPELLANT, *v.* THE BOARD OF SUPERVISORS OF WESTCHESTER COUNTY AND OTHERS, RESPONDENTS.

*Charitable corporations — when entitled to exemption from taxation under section 4 of 1 Revised Statutes, 388 — when the collection of a tax will be restrained by a temporary injunction.*

The plaintiff is a charitable corporation created by special acts for the purpose of taking charge of foundlings and other infants, and providing for their support and moral, physical, intellectual and industrial education; and of providing, also, such lying-in wards and such methods of care and guidance as shall tend to prevent the maternal abandonment of homeless infants, and diminish the moral dangers and personal sufferings to which homeless mothers are exposed. It was also authorized to establish and maintain schools. Certain real estate acquired and used by the corporation for the purposes for which it was created was assessed by the town assessor and returned to the board of supervisors. A tax having been levied upon it and a warrant issued to the collector this action was brought to have the assessment vacated and the collection of the tax enjoined. Before an answer was served a temporary

injunction was granted restraining the collection of the tax, but the same was subsequently vacated upon the defendants' application.

*Held*, that the purposes for which the plaintiff was created were substantially the same as those for which poor-houses and alms-houses are instituted, and that it was entitled to the exemption from taxation conferred upon the latter by section 4 of 1 Revised Statutes, 388.

That its property being exempt from taxation was beyond the jurisdiction of the assessing officers, and that the assessment and levy were void.

That the court erred in vacating the temporary injunction.

APPEAL by the plaintiff from an order made at Special Term vacating and setting aside a temporary injunction order restraining the collection of a tax.

*Clark Bell*, for the appellant.

*George W. Hunt*, for the respondent.

DYKMAN, J.:

The plaintiff in this action is a charitable corporation organized under a special act of incorporation passed in 1865 and subsequently amended. (Chap. 106, Laws of 1865; chap. 263, Laws of 1872; chap. 90, Laws of 1877.) The object of the corporation is to take charge of foundlings and other infants and provide for their support and moral, physical, intellectual and industrial education; also to provide such lying-in wards and methods of care and guidance as shall tend to prevent the maternal abandonment of homeless infants and diminish the moral dangers and personal sufferings to which homeless mothers are exposed. Schools may also be established and maintained by the corporation.

In pursuance of its charter and to perpetuate the objects of its organization the plaintiff has become the owner in fee of about fifty acres of land in the town of Eastchester, Westchester county, on which are buildings and structures suitable for its purposes. Lying-in wards and places for the reception of homeless mothers and infants are provided, and a school-house and school are also maintained, and all the property is devoted to the benevolent and reformatory objects of the institution.

The assessors of the town of Eastchester have assessed this property for the year 1882 on a valuation of $2,500. The assessment-roll was delivered to the supervisor of the town, who carried the same to the

board of supervisors of the county of Westchester. That body levied the tax in pursuance of the assessment, and delivered a warrant for its collection to the receiver of taxes of the town.

The object of this action is to procure the judgment of the court declaring the tax against the property of the plaintiff illegal and void and restraining its collection. A preliminary injunction was obtained, which was vacated on motion, and the appeal from that order brings the case here.

There has been no answer, and all we can now determine is whether the dissolution of the temporary injunction was wise or unwise. Yet we must make some examination of the case in the solution of this question.

The statement made shows that all the property of the plaintiff included in the assessment is lawfully devoted to the care, custody, education and maintenance of destitute mothers and children, which are the same general purposes for which poor-houses and alms-houses are instituted, and they are exempt by law from taxation. (1 R. S., 388, § 4.) The incorporation and organization of this asylum was for the same object intended to be fostered by this exemption of alms-houses and poor-houses, and the same immunity should be secured to it as to them. (*Hebrew Orphan Asylum* v. *The Mayor*, 11 Hun, 116.)

If, therefore, this property of the plaintiff was exempt from taxation then it was beyond the jurisdiction of the assessing officers, and the action of the defendants in making the assessment and levying the tax is void and null. The result is that the tax is illegal. (*Matter of New York Catholic Protectory*, 77 N. Y., 342.)

If, therefore, the tax in question be illegal there is power and authority in the courts to protect the plaintiff against its enforcement. In the assessment and levy of taxes the officers on whom the duty is devolved possess only the authority conferred by statute; and when that power is absent or exceeded, their acts are void. (*Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y., 49.)

The case of the Orphan Asylum, referred to above, was an equitable action to set aside a tax imposed on the plaintiff's property, and the action was sustained and the plaintiff had the judgment.

If the position of the plaintiff in this action be finally sustained, then these defendants have no tax and no claim against the prop-

erty. Then their action is a nullity, and their attempt to charge the property is a wrong and an oppression entirely without authority or justification and a plain case is presented for the interposition of a court of equity. The preliminary injunction should be continued pending the litigation.

The order vacating the injunction should be reversed, with costs and disbursements, and the motion to vacate the same denied, with ten dollars costs.

BARNARD, P. J., and PRATT, J., concurred.

Order vacating injunction order reversed, with costs and disbursements, and motion to vacate denied, with costs.