IN THE MATTER OF THE APPLICATION OF HARMON T. HARRIS, APPELLANT, *v.* BOARD OF SUPERVISORS OF NIAGARA COUNTY, RESPONDENT.

*Improper assessment of tax — application to county judge to have it refunded — an appeal lies from his order to the General Term — Code of Civil Procedure, sec. 1357 — 1869, chap. 855, sec 5, as amended by chap. 695 of 1871, 1884, chap. 141 — when a tax will not be refunded because of an error in the manner of assessing it — when an original act is not revived by the repeal of an amendatory act — Constitution, art. 3, sec. 16 — when the subject of an act is embraced in the title — 1881, chap. 13 — when an act will be held valid in part and void as to the residue.*

The assessors of a town improperly assessed one not a resident of the county for unoccupied lands belonging to him situated within the town, instead of assessing the lands as non-resident lands. The owner having voluntarily paid the amount of the tax levied against him sought to have the amount of the tax refunded, under the act of 1871, as having been illegally and improperly assessed and levied.

*Held,* that an order made by a county judge, upon an application for the refunding of a tax illegally or improperly assessed or levied, is an order made in a special proceeding, and as such reviewable upon appeal at the General Term under section 1357 of the Code of Civil Procedure, despite the fact that the provision giving such an appeal contained in section 5 of chapter 855 of 1869, as amended by chapter 695 of 1871, was omitted in the said section as re-enacted and amended by chapter 141 of 1884.

Section 4 of 1 Revised Statutes, 389, provides that "when the line between two towns or wards divides a farm or lot the same shall be taxed, if occupied, in the town or ward where the occupant resides." This section was amended by chapter 287 of 1871, which substituted for the original section a new one which contained substantially, with but slight modifications, the provisions of the original section. The act of 1871 was repealed by chapter 355 of 1872.

*Held,* that the repeal of the amendatory act did not revive the original act, and that after the passage of the repealing act no action could be taken under the original section of the Revised Statutes.

Chapter 695 of 1871, amending section 5 of chapter 855 of 1869, authorizing the refunding to a person of "the amount collected from him of any tax illegally or improperly assessed or levied," was intended to relieve persons, by reimbursement thereof, from taxes which were not legally chargeable to them or on their property, *i. e.,* from taxes which they should not be required in any manner to pay. The act refers to the tax itself rather than to the method of making the assessment or levy; to an illegal rather than to the erroneous assessment or levy of a legal tax.

Chapter 13 of 1881 is entitled "An act for the relief of the towns of Newfane, Wilson and Lewiston, to abolish the office of railroad commissioners of said

towns, and to enable each of said towns to adjust its indebtedness and issue bonds therefor." The eighth section reads as follows: "Any and all pieces or parcels of land situated and embraced within the boundaries of the towns of *Somerset,* Newfane, Wilson and Lewiston, in the county of Niagara and State of New York, except such pieces or parcels of land as by law were taxable in other towns prior to the general railroad bonding act of 1869; and all personal property therein liable to taxation, shall be assessed for all taxes levied in said towns for the purpose of paying and liquidating any and all obligations or indebtedness of the towns aforesaid respectively." The tenth section reads as follows: " This act shall be deemed and taken as a general act and shall take effect immediately."

*Held,* that the act was a local one, and that the attempt in the tenth section to make it a general one was ineffectual.

That the subjects and methods of relief specified in the eighth section of the act were sufficiently expressed in its title to satisfy the requirements of section 16 of article 3 of the Constitution.

That as the town of Somerset was not mentioned in the title the act was as to it void, but that its validity, in so far as the towns named in the title were concerned, was not thereby affected.

*Quære,* as to how far the provisions of the said section (8) modified, as to the said three towns, the general statutes in respect to exemptions, and as to the manner of assessing personal property within them.

APPEAL from an order, made by the County Court of Niagara county, directing the board of supervisors of that county to refund certain taxes paid by the appellant.

During the years 1881, 1882 and 1883, the appellant owned and occupied a farm of 221 acres, situated in the towns of Wilson and Porter, in the county of Niagara, and resided on that portion of the farm lying in the latter town. The town line intersected the farm so that 161 acres of it were in the town of Wilson and sixty acres in the town of Porter. The assessors of the town of Porter assessed the entire farm to the appellant each of those years, and the assessors of the town of Wilson each of the same years assessed to him the 161 acres in that town. The collector of each town was directed by the tax warrant issued to him by the respondents to collect of the appellant the taxes based upon those assessments. He paid the tax assessed and levied on the 161 acres for the town of Porter for the years 1881 ($37.32) and 1882 ($35.38), and the collector of the town of Wilson collected of him for each of those years the tax so assessed and levied for that time, which in 1881 was ninety-three dollars and ninety-six cents and in 1882 ninety-one dollars and ninety

cents.   In December, 1883, the appellant made application on affidavits to the County Court of that county for an order directing the respondents to refund the amount of taxes so collected of him by the collector of the town of Wilson, and directing the vacation of the assessment of that town for the year 1883, and for any other relief or direction to relieve him from double taxation on said 161 acres in the town of Wilson to which he might be entitled in the premises.   The County Court by order directed that the taxes so paid by the appellant on the assessment of the 161 acres for the town of Porter be refunded to him, and that the assessment made for that town of the 161 acres in the year 1883, be vacated and stricken from the roll.   From that order this appeal is taken.

*J. W. Higgins,* for the appellant.

*John E. Pound,* for the respondent.

BRADLEY, J.:

The application was made to the County Court, pursuant to Laws 1869, chapter 855, section 5, as amended by Laws 1871, chapter 695, which provided that upon the order of such court, made on application of the person aggrieved, the board of supervisors should "refund to such person the amount collected from him of any tax illegally or improperly assessed or levied."   The counsel for the respondents contends that the court cannot review the order appealed from because (as he says) the provisions of the act referred to, vesting power in the County Court to make the order and giving the right of appeal, have been eliminated from it by an act passed April 14, 1884, amending that first referred to.   This contention might be effectual if there were no other statute affording right to appeal.   The order was made in a special proceeding and is not impaired by the act of 1881, referred to.   The right to appeal is given by Code of Civil Procedure (§ 1357).

It is claimed on the part of the respondents that the right of the town of Wilson to assess that portion of the farm situated in that town was given by Laws of 1881, chapter 13, which is entitled "An act for the relief of the towns of Newfane, Wilson and Lewiston, to abolish the office of railroad commissioners of said towns, and to enable each of said towns to adjust 'ts indebtedness and issue

bonds therefor." And particularly by section 8 of the act which provides that " any and all pieces or parcels of land situated and embraced within the boundaries of the towns of Somerset, Newfane, Wilson and Lewiston, in the county of Niagara and State of New York, except such pieces or parcels of land as by law were taxable in other towns prior to the general bonding act of eighteen hundred and sixty-nine, and all personal property therein liable to taxation, shall be assessed for all taxes levied in said towns for the purpose of paying and liquidating any and all obligations or indebtedness of the towns aforesaid respectively."

On the part of the appellant it is contended that this section, in view of the title of the act, is in violation of the Constitution.

Preliminarily to the consideration of that contention and the act, the question properly arises whether, at the time of the assessments, there was or was not any existing general statute authorizing assessment in the town where the owner resided of an entire farm occupied by him and intersected by a town line, or whether the provisions of section 4 of 1 Revised Statutes, 389, which provided that " when the line between two towns or wards divides a farm or lot, the same shall be taxed, if occupied, in the town or ward where the occupant resides," were repealed by chapter 355, Laws of 1872, repealing chapter 287, Laws of 1871, which made an amended substitute for that section 4 of Revised Statutes, and whether, without the aid of chapter 13, Laws of 1881, the 161 acres of the farm within the town of Wilson were properly assessable in that town.

The act of 1871 amended that section 4 of Revised Statutes by making a complete substitute for it, and the act of 1872, chapter 355, repealed that of 1871. The provisions of that section 4 of Revised Statutes, so far as retained, were transferred to and ingrafted into the act of 1871, which became the only statute on that subject, and that section of the Revised Statutes ceased to have any force as distinguished from the act of 1871, which did not repeal, but merely amended it. The question arises whether the repeal of the amending and substituted act revived the amended section or operated to repeal its provisions. It will be observed that substantially the provisions of this section of Revised Statutes were contained in the act of 1871, with but slight modifications,

and so far as modified has no relation to the situation in this case.

To determine this question it is only necessary to follow an adjudication of the Court of Appeals, which requires the conclusion that the provisions of this section 4 of the Revised Statutes were repealed by the act of 1872, repealing the amendatory act of 1871. (*People* v. *Supervisors*, 67 N. Y., 109.)

It seems to follow that unless there is some other statute (to which attention has not been called) authorizing it, the 161 acres of the farm lying in the town of Wilson were not, at the times in question, assessable in and for the town of Porter. The statute provides that, between the first days of May and July in each year, the assessors shall proceed to ascertain, by diligent inquiry, the names of all the taxable inhabitants in their respective towns, and also all the taxable property, real and personal, within the same. (1 R. S., 390, § 8). That every person shall be assessed in the town where he resides, when the assessment is made, for all lands then owned by him within such town and occupied by him, or wholly unoccupied. (1 R. S., 389, § 1). That lands occupied by a person other than the owner may be assessed to the occupant as lands of non-residents, or if the owner resides in the county in which such lands are located, to such owner. (1 R. S., 389, § 2, as amended by Laws 1878, chap. 152, § 1.) That unoccupied lands not owned by a person residing in the town where the same are situated shall be denominated lands of non-residents, and shall be assessed as hereinafter provided. (1 R. S., 389, § 3; *N. Y. & H. R. R. Co.* v. *Lyon*, 16 Barb., 654.) There does not appear by statute any authority to levy a tax against a person not a resident of the town where the assessment is made, except in the single instance of lands occupied therein by a person other than the owner when the latter resides in the county, in which case the tax on the land may be assessed to him, although he does not reside in the town. In this case no person other than the owner occupied this 161 acres. It therefore seems that there was no authority, unless given by the act of 1881, to levy a tax in the town of Wilson on that land to Harris personally, and that the assessment could be made in that town as non-resident land only. And by the provisions of section 8, chapter 13, Laws 1881, there is no authority given

to assess land in that town against a non-resident of it, but to assess
the land merely, and for the manner of doing it reference must be
had to other statutes.

If the views above given in respect to the other statutes on the
subject are correct, it follows that section 8 of the act of 1881, if
valid, confers no right to assess the 161 acres otherwise than as non-
resident land, and it becomes unimportant whether or not the section
last referred to is constitutionally valid.   The inquiry is pertinent.
Were the taxes of 1881 and 1882 in question illegally or improp-
erly assessed or levied in the town of Wilson, within the meaning
or provisions of Laws 1871, chapter 695?

The assessors' duties in assessment of non-resident lands are well
defined by the statute.    (1 R. S., 391, §§ 11, 12, 13.)   The name
of the owner or occupant (in such case) is not to be inserted in the
roll in a manner to indicate that the assessment is made to or against
him, nor is the collector to have direction by the warrant issued to
him to collect the taxes on such assessments.   Unless such tax is
voluntarily paid it is ultimately produced by sale of the land in the
manner prescribed by the statute.   All lands (except as otherwise
specially provided) in the State are to be assessed in the respective
towns and wards where situated.   And there are two methods of
assessment dependent upon the fact of residence of the owner.   If
he resides in the town where the land is located the assessment is
made to him, and if he does not the assessment is made of the land
but not to him.    In the former case he is charged personally with
the tax levied, in the latter not.   (*N. Y. & H. R. R. Co.* v. *Lyon,*
16 Barb., 654, 655; *Rundell* v. *Lakey,* 40 N. Y., 513; *Hilton* v.
*Fonda,* 86 N. Y., 347.)

The land was chargeable with the tax, based upon the assessment
of the assessors of the town of Wilson; but the manner of making
the assessment was irregular and illegal, because it was assessed to
the owner (appellant) who was not a resident of that town, which
resulted in the direction by the respondent's warrant to the collector
to collect the amount of the tax of him.   All this came from the
improper action of the assessors of the town of Wilson in respect
to the manner of making and entering their assessments on the roll.
If, however, the action of the assessors had been entirely regular,
the taxes would have become liens on the appellant's land when

levied by the board of supervisors. (*Barlow* v. *St. Nicholas National Bank*, 63 N. Y., 399.) And eventually he would have been required to submit to collection of them by the sale of his land so assessed, unless he voluntarily paid them.

The statute of 1871, providing for the refunding through the direction of the order of the County Court, was evidently designed to relieve, by reimbursement, persons from taxes which were not legally chargeable to them or on their property — taxes which they should not be required in any manner to pay. The taxes so levied upon the assessments of the assessors of the town of Wilson do not seem to come within the spirit and meaning of the provisions of the act of 1871, requiring direction of the County Court to refund. The terms illegal or improper assessment or levy of tax in that act fairly interpreted, had reference to the tax itself rather than to the method of making the assessment or levy — to an illegal tax rather than to the erroneous assessment or levy of a legal one. (*In re New York Catholic Protectory*, 77 N. Y., 342.) In view of the purpose of this proceeding and appeal, as indicated by the contentions of counsel and the order appealed from, interpretation in that respect of the act of 1871 does not necessarily require consideration here. The appellant was burdened with double taxation on the 161 acres, and this proceeding was instituted to relieve that land from assessments of one of the towns. And the substantial question presented by the contention in behalf of the parties in this court is, which town was entitled to the benefit of the assessment of that portion of the premises lying in the town of Wilson? The County Court held and directed that the tax levied thereon by the town of Porter, and paid to the collector of that town for 1881 and 1882, be refunded, and that the assessment for 1883, made by the assessors of Porter, be vacated, and went no further. In this the County Court was right. Those taxes being unauthorized, the assessment and levy of them were illegal. That, in effect, determined that the 161 acres were not assessable in the town of Porter.

The learned counsel for the appellant assumed, on the argument, that without the aid of the act of 1881, the assessment could not be properly made of the 161 acres by the assessors of the town of Wilson, and that the result of this proceeding depended upon the determination of the question whether or not section 8 of that act

was in violation of section 16 of article 3 of the Constitution, which provides that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." His contention is that the act comes within that constitutional inhibition. The act in question is a local one; and the attempt in the tenth section to define it as a general act is ineffectual. The purpose of the act, as expressed in the title, is: "For the relief of the towns of Newfane, Wilson and Lewiston." The title should have a fair and reasonable interpretation, not an unnecessarily restricted one. It is not important that it might have been more explicit than it is. It is only necessary that the general subject of the act be expressed in the title. The details may constitute its provisions. And whatever legitimately comes within the general purpose appearing in the title is permissible. The purpose of relief in respect to the three towns mentioned in the title seems to justify all the provisions relating to them in section 8. The specific matters expressed in the title are in the line of relief for those towns, and do not in terms or by necessary implication limit to those specific purposes the general one before referred to. The subject of the application of this constitutional provision to statutes has frequently been before the courts And the following are some of the cases where it has been considered: *People ex rel. City Railroad Company* v. *Briggs* (50 N. Y., 553); *In re Prospect Park and Coney Island Railroad Company* (67 id., 378); *In re Mayer* (50 id., 504); *Neuendorff* v. *Duryea* (69 id., 557); *Kerrigan* v. *Force* (68 id., 384); *Billings* v. *The Mayor* (68 id., 413); *In re Van Antwerp* (56 id., 261; affirming 1 T. & C., 423); *In re Volkening* (52 id., 650); *People ex rel. Grissler* v. *Dudley* (58 id., 323); *In re Sackett* (74 id., 95); *Faulkner* v. *Dansville* (1 Hun, 593; 4 T. & C., 87); *De Camp* v. *Eveland* (19 Barb., 81); *People* v. *Havemeyer* (4 T. & C., 365, 378); *Freeman* v. *Panama Railroad Company* (7 Hun, 122); *Hurlburt* v. *Banks* (52 How., 196; affirmed 67 N. Y., 568); *In re Metropolitan Gas-Light Company* (85 N. Y., 526); *In re Upson* (89 id., 67).

The more serious question is upon the provisions of section 8 of this act. Included in that section is another town, Somerset. This is not referred to in the title. The question arises whether that

vitiates the entire section, or whether that town may be treated as a surplusage there and rejected, and the residue of the section be permitted to stand. The other towns, and each of them, seem to be distinct from that and from each other, so far as appears by the act, in respect to the relief which was designed by it to be afforded, and the elimination of that town from the provisions of the section will leave it complete and perfect in terms as to the others. And there seems to be no apparent occasion for presumption that the insertion of the town of Somerset was an essential element to produce the passage of the act. In such cases the rule requires that the invalid portion thus contained in an act be rejected, and effect given to the residue as valid. In *People* v. *Briggs* (50 N. Y., 566), the court, by CHURCH, C. J., say: "It is a universal rule that where a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void, unless the provisions are so connected together in subject-matter, meaning or purpose, that it cannot be presumed the legislature would have passed the one with-the other." (See, also, *In re Met. Gas-Light Co.*, 85 N. Y., 527.) Reference is made by counsel to *In re Paul* (94 id., 497) as authority upon his contention that section 8 is violative of the Constitution and void. It will be seen that that case does not necessarily have any material application to the question here. There the first section of the act included the designation of the places in which certain business should not be carried on within a single phrase, "rooms or apartments * * * which are used as dwellings for the purpose of living, sleeping, or doing household work therein." This included not only tenement houses known as such, but rooms in all dwelling houses used in like manner, while the title of the act merely referred to the manufacture of cigars, etc., "in the tenement houses" in the city of New York. The section by its terms was not susceptible of the division of provisions so as to refer severally to the two classes of houses. The court very properly held that it would be an act of legislation to treat the section as applicable only to tenement houses, so as to conform it to the title. FINCH, J., in the opinion of the court, says: "Nor will it do to avoid the difficulty by saying that, as the phrase 'dwelling' includes within it tenement house, we may hold the section good as to a part of its meaning, and repudiate it as to the balance, for that in

this case would be an act of legislation." If this first section had mentioned severally dwelling house and tenement house, the court might have held it valid as to the latter and rejected the former, within the reasoning applied.

Whether the provisions of section 8 of the act of 1881 in question can be so construed as to modify, as relates to the three towns, the general statute in respect to exemptions, and as to the manner of assessing personal property within them, does not arise for, nor have consideration in this case.

The conclusion follows, from the views above expressed, that the order appealed from must be affirmed.

Present — SMITH, P. J., BARKER, HAIGHT and BRADLEY, JJ.

Order affirmed, with ten dollars costs and disbursements.