JOHN BOWE, as Treasurer of the County of Albany, Appellant, *v.* PETER D. McNAB and ALEXANDER CAMERON, as Executors, etc., of JOHN CUMMING, Deceased, Respondents.

*Assessment against executors having no property of the deceased — a judgment roll in an action construing a trust deed is competent evidence.*

The assessors have not jurisdiction to determine, contrary to the actual fact, that executors have in their possession or under their control, personal property of their testator.

Assessors have no jurisdiction to assess the executors of a decedent for personal property, where he left none which came under their control, nor is it material in such a case that the executors did not ask of the assessors any relief in respect to the assessment.

In an action brought to recover the amount of a tax levied under such an assessment, the judgment roll in an action between the executors, the trus-

tee and others, brought to determine the validity and effect of a trust deed by which the decedent in his lifetime placed all his property in the hands of a trustee, is admissible as evidence tending to show that the executors received no property.

The taxing power, in the absence of fraud or collusion, is bound by the title to the personal property, as that title actually existed and was determined between the parties to such action.

APPEAL by the plaintiff, John Bowe, as treasurer of the county of Albany, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 1st day of July, 1896, upon the decision of the court rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Albany before the court without a jury.

The action was brought to recover $500 and interest thereon, the amount of a tax for the year 1893 upon $25,000, the amount of personal property for which the defendants as executors were assessed in that year by the assessors of the city of Albany. The defendants resided in the city of Albany. Their testator, John Cumming, died May 13, 1893, a resident of said city. By his will, probated in Albany county July 27, 1894, the defendants were named his executors, and letters testamentary were issued to them the same day. The assessment of $25,000 was completed September 1, 1893. The assessors, assuming that they had jurisdiction, duly complied with the statutory requirements. The defendants did not ask of the assessors any relief in respect to the assessment. The defendants made default in payment, and upon due return to that effect to the plaintiff he brought this action under chapter 398, Laws 1888, section 6. The answer of the defendants in effect was, that at the time the assessment was laid they were not, as executors, taxable inhabitants of the city of Albany, and that they never held or had in their possession, custody or control, as executors, any personal estate whatever, and that the personal estate which the assessors supposed they had was in fact held and owned by Charles E. Robinson, a resident of Kings county.

The trial judge found, in addition to the facts above stated, that the testator, John Cumming, by a trust deed executed and delivered by him to Charles E. Robinson December 11, 1891, (and by said Robinson accepted), sold and transferred to said Robinson all his

personal estate, to be by said Robinson distributed upon Cumming's
death according to the provisions of his last will and testament, and
that when the assessors assessed the defendants as executors as
aforesaid, and when the supervisors levied the tax thereon, and at
all other times, the defendants, as such executors, did not hold or
have the custody, control or possession of any personal estate what-
ever of their testator, and never had title to any of it.    It appeared
from the evidence that at the time the assessment was made, there
were deposited in the Commercial National Bank of the city of
Albany securities of a value exceeding $25,000 which belonged to
the said testator at the time of the execution of his said trust deed,
and that when this action was commenced another action was pend-
ing between the said Robinson as trustee and these defendants as
executors, and others to determine the validity, construction and
effect of the said trust deed and will, and that before the trial of
this action it was adjudged and determined in that action that the
trust deed was valid, and that under both deed and will the title to
the entire property mentioned in the trust deed was vested in said
Robinson as trustee, to be by him distributed among the persons
entitled thereto according to the provisions of the deed and will.
The trustee Robinson was a resident of Brooklyn, Kings county,
and was at no time a resident of the city of Albany.    The plaintiff
in the present action excepted to the ruling of the trial judge admit-
ting in evidence the judgment roll in the action of Robinson against
these defendants.

*Mark Cohn*, for the appellant.

*E. W. Rieck*, for the respondents.

LANDON, J.:

The judgment roll was properly received in evidence.    As
between the parties to it, it determined the title to the personal
estate in controversy, and that was the very question here.    That
question was one which the parties to that action had the exclusive
right to settle, and the plaintiff and the assessors, in the absence of
fraud or collusion, are bound by the title as it actually existed and
was determined between the parties to that action.    (*Candee* v.
*Lord*, 2 N. Y. 269; *Carpenter* v. *Osborn*, 102 id. 552; *R. R.*

*Equipment Co.* v. *Blair*, 145 id. 607.) The judgment determined that the title never existed in the executors, and the fact was proven and found on this trial that they never had the custody or control of the property.

The question is one of the jurisdiction of the assessors. The statutes applicable to the case are section 5 of article 1, title 2, chapter 13 of the Revised Statutes, which provides: " Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor or administrator, and in no case shall property so held under either of those trusts be assessed against any other person " (2 R. S. [8th ed.] 1094, § 5), and section 8 of chapter 86 of the Laws of 1850, being a local law applicable to the city of Albany only, which reads: " The real and personal estate held by guardians, executors    *    *    *    or other trustees, shall be assessed distinct from their individual property."

Section 53 of said chapter 86 of the Laws of 1850 provides: " Where no provision on the subject is made in this act, all the general laws of this State in relation to the assessment and collection of taxes    *    *    *    shall, so far as applicable, be in force in respect to the assessment and collection of taxes in the city of Albany."

The assessors had jurisdiction of the defendants because the defendants resided in the city of Albany. The fact that, when the assessment was completed, letters testamentary had not been issued to the defendants, would not be material to the question of the assessors' jurisdiction of their persons. (*People ex rel. Coudert* v. *Commissioners of Taxes*, 31 Hun, 235.) It might, in connection with the other facts of this case, be relevant to the question of the defendants' custody of the testator's personal estate; but since that question was settled upon other controlling evidence, it ceases to be important here. There remains but the single question, had the assessors jurisdiction to determine, contrary to the actual fact, that the defendants held as executors or had in their possession or control any personal estate of their testator? If so, then the defendants had an opportunity to be heard before the assessors, and, having omitted to avail themselves of it, are bound by the assessors' determination.

We think that this question must be answered in the negative. The Revised Statutes made the defendants liable to assessment for all personal estate in their possession or under their control as executors. Clearly, if they had none, they were not liable. If the defendants had some of their testator's personal estate, then the assessors had jurisdiction to determine how much they had, but if they had none, then there was no subject-matter for the assessors to deal with, and where there is no subject-matter the assessors cannot create one by their *fiat*. It is said that this sort of reasoning will apply to the resident individual who is assessed. The statute above quoted provides that he must be assessed for all personal estate " owned by him." Is it not equally essential to the assessors' jurisdiction that he shall own some personal estate before they can determine how much he owns? Cases are cited upholding the jurisdiction of the assessor where the resident has proven that he owned no personal estate or less than that for which he was assessed. (*People ex rel. Hermance* v. *Supervisors*, 10 Hun, 545, cited with approval in *Matter of N. Y. Catholic Protectory*, 77 N. Y. 342, and affd., 71 id. 481.) The court in the *Protectory* case placed its approval upon the grounds taken by the General Term and treated as *obiter* the remarks of the court in 71 New York, which went beyond such grounds. Being an adult resident, he is *prima facie* a taxable inhabitant; it may be presumed that he owns some personal estate, the clothes on his person, the money in his pocket, for example, and thus there is a subject-matter for the assessors to deal with, and thus the burden is upon him to appear before them if he is aggrieved.

That the same reasoning is not applicable to the case of executors and the trustees named in the statute is apparent from the statute itself. It says: " In no case shall property so held under either of those trusts be assessed against any other person." All the property here in question was held by Charles E. Robinson, of Brooklyn, Kings county, as trustee. The statute thus forbade that the property held by the non-resident trustee should be assessed to the resident executors. There can be no presumption that the assessors had jurisdiction to do an act which the statute forbade. In the very similar case of *Matter of Douglas* (48 Hun, 318) it was held that the assessors had no jurisdiction. It is well settled that the non-existence of the subject-matter is fatal to the jurisdiction. (*National*

*Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *McLean* v. *Jephson*, 123 id. 142; *Matter of N. Y. Catholic Protectory*, 77 id. 342.)

The judgment should be affirmed, with costs.

All concurred; MERWIN, J., concurring in result.

Judgment affirmed, with costs.